IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | NO. 1:24-CR-00218-SEG-LTW-1 |
| JOHN DONOVAN WOODBURY | ) | |

UNOPPOSED MOTION TO CONTINUE TRIAL

Defendant JOHN D. WOODBURY, through undersigned counsel, files this motion to continue trial currently scheduled for February 10, 2025. Mr. Woodbury requests the Court continue trial for a period of at least 75 days. In support of this motion, Mr. Woodbury submits the following:

1) Mr. Woodbury is charged in a two-count indictment with threats by interstate communication and threats to a law enforcement officer. (Doc. 1). He entered a not guilty plea at his arraignment on July 18, 2024. (Doc. 8). Mr. Woodbury was released on an unsecured bond in the amount of $10,000. (Doc. 12).

2) Mr. Woodbury is employed as a booking agent for Holland America Cruise Line and is enrolled in graduate school at University of Kentucky's online program earning a master's degree in social work with an anticipated graduation date of August 2026.

In 2020, Mr. Woodbury was diagnosed with bipolar disorder and is currently under the care of psychiatrist Dr. Namita Patel, whom he sees monthly.

Mr. Woodbury is currently prescribed daily medication to treat his bipolar symptoms.

    3)    Mr. Woodbury requests trial be continued, so he can apply for the Northern District of Georgia's Accountability, Treatment, and Leadership ("ATL") Court. The ATL Court is a post-guilty plea, pre-sentencing, court-supervised program which offers an alternative to incarceration and seeks to provide rehabilitative services to selected defendants.[1] The ATL Court's mission is to provide the opportunity to avoid some of the consequences of aberrant criminal conduct to certain individuals charged with non-violent crimes in the Northern District of Georgia who would most greatly benefit from intense supervision, education, or treatment.[2]

An individual whose application into the program is accepted agrees to have their case transferred from the originating judge to one of the ATL judges. Following the transfer, the defendant will enter a guilty plea pursuant to a Rule 11(c)(1)(C) plea agreement that sets forth an agreed upon factual basis for the guilty plea, the defendant's participation in the ATL Court, and the specific benefit to be received by the defendant upon successful completion of the program. After entering a guilty plea, each participant will be subject to intensive

---

[1] Accountability, Treatment, and Leadership (ATL) Court, https://www.gand.uscourts.gov/accountability-treatment-and-leadership-atl-court (last accessed January 29, 2025).
[2] *Id.*

supervision, to include regular appearances before the ATL Court Team, as well as participation in individualized programs designed to address the causes of that particular defendant's criminal conduct. Such activities may include substance use treatment, mental health treatment, employment services, and educational programs. The program lasts between 12 and 24 months, and each defendant determined by the ATL Court Team to have successfully completed the program will receive the benefit specified in their plea agreement. There are three possible benefits:

- dismissal of the charges;
- conviction of a misdemeanor offense, rather than a felony offense, with a sentence that does not include a term of imprisonment; or
- conviction of a felony offense without a term of imprisonment.

A defendant who fails to successfully and timely complete the program will proceed to sentencing before one of the ATL Judges on the felony charge(s) to which they entered a guilty plea.[3]

4)   Mr. Woodbury is exactly the type of defendant for which diversion courts, such as ATL Court, were created. He is gainfully employed and enrolled as a postgraduate student. Moreover, he has zero criminal history, and a sentence

---

[3] *Id.*

of imprisonment would jeopardize everything Mr. Woodbury has worked so diligently to achieve over his lifetime.

There is evidence that the alleged conduct in the present case occurred while Mr. Woodbury was suffering from a manic episode attributed to his bipolar disorder. This is exactly the type of aberrant conduct that is typical of ATL Court participants. Although already under the care of a psychiatrist, Mr. Woodbury could greatly benefit from additional mental health treatment and education provided by the program.

5) Normally, ATL Court applications are drafted and submitted before the case is certified to the District Court. The undersigned takes full responsibility for not submitting the application sooner. However, it would be a great disservice to Mr. Woodbury to miss such an opportunity due to the oversight of legal counsel.

Based on the undersigned's research into the program, it normally takes 30 days for an application to be reviewed by the ATL Court Team, and the parties anticipate needing an additional 30 days to negotiate the terms of the ATL Court agreement if Mr. Woodbury is accepted. The parties believe a buffer period of 15 days is also necessary in the case of any delays in the ATL Court Team deciding Mr. Woodbury's application. Hence, the request for a 75-day continuance.

6) Assistant United States Attorney Jennifer Keen, counsel for the government, has no objection to the granting of this Motion.

7) The period from the filing of this motion through the rescheduled trial date is properly excluded from the speedy trial clock because the ends of justice served by granting this extension of time outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. §3161(h)(7)(A).

WHEREFORE, Mr. Woodbury respectfully requests the Court continue trial for a period of at least 75 days.

Dated: This 3rd day of February 2025.

Respectfully submitted,

/s/ Keenen J. Twymon
STATE BAR NO. 994921
ATTORNEY FOR JOHN D. WOODBURY

FEDERAL DEFENDER PROGRAM, INC.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
keenen_twymon@fd.org